IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Maria Andres, Plaintiff

v.

Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) and Fahad A. Balagam, individually, Defendants

## COMPLAINT

Maria Andres ("Plaintiff"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), complains against Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) and Fahad A. Balagam, individually (collectively, "Defendants"), and states:

### Introduction

1. Minimum and overtime wages are required by the FLSA and IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiff earned overtime wages.

3. Plaintiff is a former employee of the Defendants' and was not paid her earned overtime wages.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

7. Defendants own and operate against Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) located at 780 East North Avenue, Glendale Heights, Illinois 60139 within the three years preceding the filing of this complaint.

8. Mr. Balagam resides in and are domiciled in this judicial district.

9. Mr. Balagam is the owner of Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) and is involved in the day-to-day business operations of Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) is as an enterprise under 29 U.S.C. § 203(r)(1).

11. Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center) had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiff was employed by Defendants in DuPage County, which is in this judicial district.

16. Plaintiff worked for Defendants from about October 2013 to October 2016.

17. Plaintiff worked as a housekeeping attendant at Trademark Hospitality Group Inc. (d/b/a Ramada Hotel & Conference Center).

18. Defendants paid Plaintiff in personal and payroll checks throughout her employment.

## COUNT I: FLSA Overtime Wage Violation

19. Plaintiff incorporates all paragraphs above as if fully restated below.

20. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

21. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

22. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

23. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

24. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

25. Plaintiff is not exempt from the overtime provisions of the FLSA.

26. Defendants' failure to pay overtime violated the FLSA.

27. Defendants' FLSA violation was willful.

28. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

29. Plaintiff incorporates all paragraphs above as if fully restated below.

30. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

31. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

32. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

33. Plaintiff worked more than forty (40) hours in individual work weeks.

34. Defendants did not pay earned overtime wages to the Plaintiff.

35. Plaintiff was not exempt from overtime wages.

36. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

37. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

38. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Monday, March 13, 2017.

_____
**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-878-1263
bpacheco@yourclg.com